IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, | CIVIL ACTION NO.: 2:24-cv-01698 |
| Plaintiff, | |
| v. | JUDGE ELDON E. FALLON |
| OWNER OF <AHNU.COM>, | |
| Defendant. | MAGISTRATE KAREN WELLS ROBY |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

PLAINTIFF, Deckers Outdoor Corporation ("Plaintiff" or "Deckers"), seeks an Order from this Honorable Court to permit it to serve process on the Defendant Owner of <ahnu.com> ("Defendant") solely by electronic means, pursuant to Federal Rule of Civil Procedure 4(f)(3). Deckers specifically seeks to serve process upon the Defendant by electronically publishing a link to the Complaint and Summons on a website and by sending an e-mail to Defendant via the e-mail address Defendant used to register the domain name "ahnu.com" (the "Infringing Domain Name") that includes a link to said website.

As further discussed herein, service of process in such a manner is permissible under the law, and is essential for the Plaintiff to proceed with its action and notify the Defendant of same.

## INTRODUCTION

Electronic service is appropriate and necessary in this case because off-shore domain registrants that register and offer for sale domain names that infringe intellectual property typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which Defendant may be

apprised of the pendency of this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2. Authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendant receives prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendant in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

## BACKGROUND

An investigation of Defendant shows that it is an individual or entity based in Brazil that registered the Infringing Domain Name using the name "Doman Manager" and the physical address 1600 Avenida Nereu Ramos, Sombrio, Brazil, 88960. [1] at ¶ 11; Gaudio Declaration at ¶ 3. Defendant also registered the Infringing Domain Name using the e-mail address dnamemanager@gmail.com. *Id*. Plaintiff's investigation by its law firm in Brazil confirmed that the "Doman Manager" was not located at that address. *Id*. Specifically, the Brazilian law firm's investigation showed this address appeared to be a parking lot. *Id*. at ¶ 4.

E-mail address verification and account activation is typically a straightforward process where the domain registrars send an e-mail to the provided e-mail address and require the user to click a link in the e-mail. *Id*. at ¶ 5. However, any verification that may occur for physical addresses is likely not as reliable as e-mail address verification. *Id*. Since a domain name registrant can input any physical address, such addresses may be incomplete, false and/or are not where the domain name registrant is located. *Id*. As such, even if a physical address is available, it is not a reliable or the best means for providing notice to Defendant. *Id*.

Valid email addresses of domain name registrants are not only necessary to successfully register a domain name, but also to maintain registration. It is necessary for domain name

registrants, such as Defendant, who operate online, to be able to receive email communications from both the domain registrar and potential customers to maintain access to their account, to ensure the ongoing registration status of the domain name and to communicate with customers electronically regarding potential offers for purchase of the domain name.  As such, it is far more likely that Defendant can be served electronically than through traditional service of process methods.

## **LAW AND ARGUMENT**

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs.  *Boat Serv. Of Galveston, Inc. v. Nre Power Sys., Inc.*, No. 17-7210, 2019 U.S. Dist. LEXIS 245076, at *3 (E.D. La. Aug. 26, 2019); *Viahart, LLC v. He Gangpeng*, No. 21-40166, 2022 U.S. App. LEXIS 3974, at *8 (5th Cir. Feb. 14, 2022).  The Fifth Circuit in *Viahart* held that e-mail service of online business defendants was proper. *Viahart*, 2022 U.S. App. LEXIS 3974, at *9.  In reaching this conclusion, the Court gave great weight to the facts that the email addresses were listed as "designated means of contact for business and notification purposes" on online marketplaces, and the allegedly infringing conduct of the defendants occurred on these same online marketplaces. *Id.*  Many courts follow the same reasoning in holding that e-mail service is proper under Federal Rule of Civil Procedure 4(f)(3) on defendants that "do business online, and are connected to email addresses." *BBK Tobacco & Foods, LLP v. Wish Seller Gooshelly*, 613 F. Supp. 3d 1012, 1015 (E.D. Mich. 2020) (citing cases in the Southern District of New York, Western District of Tennessee, and Eastern District of Michigan).

Plaintiff has good cause to suspect the Defendant is a resident of Brazil.  Brazil is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial

Documents in Civil and Commercial Matters (the "Hague Convention").  Gaudio Declaration at ¶ 6.

### A. The Hague Convention Does Not Apply to This Case

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known."  Hague Service Convention, art. 1, Nov. 15, 1965, 20 U.S.T. 361; *see also United States v. 200 Acres of Land*, 773 F.3d 654, 659 (5th Cir. 2014) ("[T]he Hague Convention does not apply when the address of the person to be served is unknown.").

As mentioned above, Defendant registered the Infringing Domain Name using the name "Doman Manager" and the physical address 1600 Avenida Nereu Ramos, Sombrio, Brazil, 88960. Gaudio Declaration at ¶ 3.  Plaintiff's investigation could not verify that "Doman Manager" was located at that address.  *Id*. at ¶ 4.  Specifically, the investigation showed this address appeared to be a parking lot.  *Id*.

### B. Service by Email is Proper Under the Hague Convention

The Hague Convention also does not preclude service by neither e-mail nor by website posting.  Gaudio Declaration at ¶ 6.  *See e.g.*, *Chow v. Defendant 1*, No. 24-cv-480, 2024 U.S. Dist. LEXIS 71604, at *2 (E.D. La. Apr. 19, 2024) ("Plaintiff has demonstrated that she is entitled to serve Defendant through. . .website posting.  As a threshold matter, these methods of service are not precluded by the Hague Convention. . ."); *Seventh Coast Ventures LLC v. Xiamen Daysun Indus. Co., LTD*, No. 4:22-cv-04474, 2023 U.S. Dist. LEXIS 121408, at *4 (S.D. Tex. Jan. 12, 2023)("The Hague Service Convention does not specifically preclude service by e-mail and Internet publication.").

Although alternative methods of service can be precluded when a signatory country objects to such methods, this preclusive effect is limited to what has been *expressly* objected to. *Seventh Coast Ventures*, 2023 U.S. Dist. LEXIS 121408, at *4 (Further, "[w]here a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e- mail or publication."" (quoting *Karsten Mfg. Corp. v. Store*, No. 18-61624-CIV, 2018 U.S. Dist. LEXIS 225682, at *1 (S.D. Fla. July 26, 2018)); *United States SEC v. MCC Int'l Corp.*, No. 2:22-cv-14129-KMM, 2023 U.S. Dist. LEXIS 64677, at *9 (holding that Brazil's objection to the alternative means of service provided in Article 10 of the Hague Convention did not preclude other forms of service, because such an objection is expressly limited to the means in Article 10, being "postal channels," which the court did not equate to an express objection to neither email nor website posting).

### C. Plaintiff is Not Required to Attempt Service of Process Via the Hague Convention

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *West v. Rieth*, No. 15-2512, 2016 U.S. Dist. LEXIS 5309, at *3 (E.D. La. Jan. 14, 2016) (citing *Rio Props.*, 284 F.3d at 1015). As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Rio Props.*, 284 F.3d at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id* at 1015. Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See*

5

*Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1).  This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).").

United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention.  *See e.g.*, *West v. Rieth*, No. 15-2512, 2016 U.S. Dist. LEXIS 5309, at *3-4 (E.D. La. Jan. 14, 2016) ("Two other circuit courts have held that attempted service pursuant to Rule 4(f)(1) or (2) is not a categorical prerequisite before a Court can order service pursuant to Rule 4(f)(3).  Rather, the Ninth Circuit held that "Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3).'" (citations omitted) (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002))); *Boat Serv. of Galveston, Inc. v. Nre Power Sys., Inc.*, No. 17-7210, 2019 U.S. Dist. LEXIS 245076, at *3 (E.D. La. Aug. 26, 2019) ("A plaintiff utilizing Rule 4(f)(3) for service must only show that the method chosen is not "prohibited by international agreement," as opposed to the non-existence of an international agreement."); *Doe v. d'Arros*, No. 6:21-cv-00430, 2023 U.S. Dist. LEXIS 141603, at *10 (W.D. La. Aug. 14, 2023) ("Attempting service under the Hague Convention is not a prerequisite to requesting alternative service." (quoting *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-cv-00597-ADA, 2020 U.S. Dist. LEXIS 106909, at *3 (W.D. Tex. June 17, 2020))); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 09-02047, 2015 U.S. Dist. LEXIS 192642, at *12-13 (E.D. La. Nov. 9, 2015) ("Accordingly, "court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1)," inasmuch as "[i]t is merely one means among

6

several which enables service of process on an international defendant." According to the Ninth Circuit, service under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.'"" (citations omitted) (quoting *Rio Props.*, 284 F.3d at 1015)); *see also Chow v. Defendant 1*, No. 24-cv-480, 2024 U.S. Dist. LEXIS 71604, at *2 (E.D. La. Apr. 19, 2024) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Amazon.com, Inc. v. Expert Tech Rogers PVT Ltd.*, No. 20-cv-07405-PJH (JSC), 2021 U.S. Dist. LEXIS 195212, at *11 (N.D. Cal. Sep. 22, 2021) (same); *Seventh Coast Ventures LLC v. Xiamen Daysun Indus. Co., LTD*, No. 4:22-cv-04474, 2023 U.S. Dist. LEXIS 121408, at *6 (S.D. Tex. Jan. 12, 2023) (same); *Your True Nature, Inc. v. JF Show Store*, No. 1:22-cv-01205-RP, 2022 U.S. Dist. LEXIS 243499, at *5 (W.D. Tex. Nov. 17, 2022) (same); *BBK Tobacco*, 613 F. Supp. 3d at 1015 (same).

As such, this Court may allow Plaintiff to serve Defendant via electronic publication and e-mail. Plaintiff respectfully urges this Court to grant its requested relief in its favor, in the interest of justice and efficiency.

Respectfully submitted,

*/s/ Christine Changho Bruneau*
CHRISTINE CHANGHO BRUNEAU, La. Bar No. 25366
cbruneau@cottenschmidt.com
COTTEN SCHMIDT, L.L.P.
650 Poydras St, Suite 1950
New Orleans, Louisiana 70130

JUSTIN R. GAUDIO, Il. Bar No. 6296562
*(pro hac vice to be filed)*
jgaudio@gbc.law
ALLYSON M. MARTIN, Il. Bar No. 6313424
*(pro hac vice to be filed)*
amartin@gbc.law
GREER, BURNS & CRAIN, LTD.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606

*Counsel for Plaintiff,*
*Deckers Outdoor Corporation*