UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DECKERS OUTDOOR CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1698** |
| **OWNER OF AHNU.COM** | |

**ORDER & REASONS**

Before the Court is Plaintiff Deckers Outdoor Corporation's Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3). R. Doc. 4. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

I.     BACKGROUND

Plaintiff brought this trademark infringement action against Defendant, unknown owner of the web domain "ahnu.com." R. Doc. 1. Plaintiff is a footwear company, and one of its product lines is the AHNU sneaker brand. *Id.* at 2. Plaintiff alleges that it began selling AHNU footwear in 2007 and trademarked the brand on February 26, 2008. *Id.* at 3. Plaintiff maintains that it has spent millions of dollars a year in advertising that features the AHNU trademark. *Id.* From April 17, 2005 through April of 2001, Plaintiff controlled the web domain name "ahnu.com" and used the domain to promote and sell its AHNU products. *Id.* at 4. However, in April of 2021, Plaintiff inadvertently did not renew its registration of the domain name. *Id.* Thereafter, on June 8, 2021, Defendant registered the domain name. *Id.* Plaintiff alleges that Defendant has not demonstrated the use of the domain name in connection with any offering of goods or services. *Id.* at 5. Rather, it alleges that the domain name "redirects to a TopDot website where it is offered for sale for the minimal amount of 10,000 USD." *Id.* Overall, Plaintiff argues that Defendant is using the domain name to capitalize on the reputation of Plaintiff's AHNU Trademark. *Id.*

1

Plaintiff cannot contact Defendant. The only address associated with Defendant is 1600 Avenida Nereu Ramos, Sombrio, Brazil, 88960. *Id.* at 3. Plaintiff alleges that Defendant registered the infringing domain name with a domain "Registrar," Sea Wasp, LLC, which has its principal office in Metairie, Louisiana. *Id.* at 1. Plaintiff avers that the registration agreement between Sea Wasp and Defendant incorporates a Dispute Resolution Policy. *Id.* at 2. Accordingly, this case was first referred to a panel appointed by the "WIPO Arbitration and Mediation Center." *Id.* at 1. On June 14, 2024, in a non-binding proceeding, the arbitration panel issued a written opinion that declined to transfer the "ahnu.com" domain name from Defendant to Plaintiff. *Id.* Plaintiff alleges that the instant suit is now proper as the Dispute Resolution Policy provides that suits regarding the domain may be brought in the jurisdiction where the registrar is located. *Id.*

Plaintiff brings claims for trademark infringement, false designation of origin, and "cyberpiracy" in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d). *Id.* at 5-7. Plaintiff seeks a preliminary and permanent injunction preventing Defendant from infringing its trademark, using the domain name, or associating itself with Plaintiff's brand. *Id.* at 7-8. Further, Plaintiff seeks an order requiring the transfer and re-registration of the domain name to Plaintiff. *Id.* at 9. Finally, Plaintiff seeks either three times actual damages or statutory damages of $2,000,000 per day for Defendant's use of the AHNU trademark. *Id.* at 9-10.

## II. PRESENT MOTION

Plaintiff requests that the Court authorize service by email on Defendant. R. Doc. 4. Plaintiff contends that email service is a permissible method of alternative service under Federal Rule of Civil Procedure 4(f)(3). R. Doc. 4-1 at 1. It alleges that Defendant registered the domain name with the address "1600 Avenida Nereu Ramos, Sombrio, Brazil, 88960" and the email address dnamemanager@gmail.com. *Id.* at 2. Plaintiff maintains that it employed a law firm in Brazil, which

investigated the physical address. *Id.* However, "the Brazilian law firm's investigation showed this address appeared to be a parking lot." *Id.* Plaintiff alleges that domain registrants who are seeking to infringe on trademarks often provide false address information to evade liability. *Id.* at 1. However, Plaintiff maintains that it is necessary for domain registrants to "be able to receive email communications from both the domain registrar and potential customers to maintain access to their account, to ensure the ongoing registration status of the domain name, and to communicate with customers electronically regarding potential offers for purchase of the domain name." *Id.* at 3. Thus, Plaintiff contends that serving Defendant by the email address it provided in registering the domain is the most likely method—and only viable method—of serving Defendant. *Id.*

In support of its argument that electronic service is proper under the Federal Rules, Plaintiff cites numerous cases where courts have authorized electronic service on foreign defendants. *Id.* It notes that although Brazil is a signatory to the Hague Service Convention, which can limit viable methods of service on foreign defendants, Article 1 of the Convention provides that "the convention shall not apply where the address of the person to be served with the document is not known." *Id.* at 4. Here, Plaintiff argues that the Defendant's address is unknown because its registered address is a parking lot. *Id.* Furthermore, Defendant alleges that, even if the Convention did apply, it does not prohibit service by email. *Id.* Although Brazil has objected to service by "postal channels," Plaintiff argues that it has not expressly objected to email service. *Id.* at 5. Finally, Plaintiff contends that it is not required to attempt service under the Hague Convention before receiving the Court's authorization for alternative service because "Rule 4(f) does not create a hierarchy of preferred methods of service of process." *Id.* at 5. Overall, Plaintiff maintains that absent authorization to serve by email, "Plaintiff will almost certainly be left without ability to pursue a final judgment." *Id.* at 2.

III.     LAW AND ANALYSIS

Federal Rule of Civil Procedure 4(f)(1) provides that service on an individual within a foreign country may be made: "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Alternatively, service may be made "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Here, the Hague Convention on Service does not apply. Article 1 of the Convention specifically provides that it "shall not apply where the address of the person that is to be served with the document is not known." Here, Plaintiff has represented that it investigated the only physical address associated with Defendant and found it to be a parking lot. The Court is satisfied that the Defendant's address is unknown, and the Hague Convention on Service does not apply. Accordingly, the Court turns to the possibility of alternative service pursuant to Rule 4(f)(3).

Service on a foreign defendant is "proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022). Given that the Hague Convention does not apply, there is no international agreement that potentially prohibits electronic service on Defendant. Moreover, the Court finds that email service is reasonably calculated to reach Defendants. *See id.* (allowing service on email addresses procured from the defendants' online marketplaces). Courts have routinely allowed plaintiffs to serve defendants through the email addresses the defendant used to register an allegedly infringing domain name. For example, in *Popular Enterprises LLC v. Webcom Media Group Inc.*, the Court allowed service to an email address "supplied by defendant to its domain name registrar" where the defendant's "real address [was] not known." 225 F.R.D. 560, 562 (E.D. Tenn. 2004). The court reasoned that "when faced

4

with an international e-business scofflaw, playing hide and seek with the federal court, e-mail may be the only means of effecting service of process." *Id.* at 563 (quoting *Rio Properties, Inc., v. Rio International Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002)); *see also Lifted Rsch. Grp., Inc. v. Bbhats.net*, No. 13-62086-CIV, 2013 WL 12086772, at *2 (S.D. Fla. Nov. 26, 2013) (allowing the plaintiffs to serve unknown defendants through email addresses the defendants provided to domain name registrars). Overall, the Court finds that service to the email addresses that Defendant used to register the domain name is appropriate under the Federal Rules.

### IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion, R. Doc. 4, is granted. The Court authorizes Plaintiff to serve: dnamemanager@gmail.com.

New Orleans, Louisiana, this 12th day of August, 2024.

HONORABLE ELDON E. FALLON<br>
UNITED STATES DISTRICT JUDGE